IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Martha Fisher | | CHAPTER 13 |
| | Debtor | |
| Ditech Financial LLC | | |
| | Movant | |
| vs. | | NO. 14-19256-AMC |
| Martha Fisher | | |
| | Debtor | |
| William C. Miller | | 11 U.S.C. Section 362 |
| | Trustee | |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by Movant on Debtor's residence is $11,044.73, which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | October 1, 2016 through December 1, 2017 at $1,584.76 per month |
| | January 1, 2017 through April 1, 2017 at $1,600.57 per month |
| Suspense Balance: | $111.83 |
| **Total Post-Petition Arrears** | **$11,044.73** |

2. To resolve this motion for relief, Debtor agrees to cure the aforesaid post-petition arrearages while maintaining regular mortgage payments in the following manner:

   a). Within seven (7) days of the filing of this Stipulation, Debtor will pay Movant a down payment of $1,000.00 toward the arrearage;

   b). Debtor shall resume making regular post-petition contractual monthly mortgage payments beginning with the payment due May 1, 2017 in the amount of $1,600.57, and shall maintain contractual monthly mortgage payments to Movant thereafter;

   c). Beginning June 1, 2017 and continuing through February 1, 2018, until the arrearages are cured, Debtor shall pay both the regular monthly mortgage payment of **$1,600.57** (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month), plus an installment payment of **$1,116.08** towards the arrearages on or before the last day of each month at the address below;

d). All payments shall be made to the following address:

**Ditech Financial, LLC**
P.O. Box 0049
Palatine, FL 60055-0049

3. Should Debtor provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing and Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant immediate relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

5. The stay of Bankruptcy Rule 4001(a)(3) is waived with respect to any Court order approving of this stipulation and/or ordering the parties to uphold the terms agreed upon herein.

6. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the court and the court shall enter an order granting Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: April 14, 2017       By: /s/ Matteo S. Weiner, Esquire
                               Matteo S. Weiner, Esquire
                               KML Law Group, P.C.
                               Attorneys for Movant/Applicant

Date: 5-2-2017             _____
                           Martha Fisher
                           Debtor

Date: 5-2-17

William C. Miller   JACK MILLER
Chapter 13 Trustee

Approved by the Court this _____ day of _____, 2017. However, the court retains discretion regarding entry of any further order.

_____
United States Bankruptcy Judge
Ashely M. Chan